FILED
2012 AUG 13 P 12: 04
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JANET M. HEROLD
Regional Solicitor
DAVID M. KAHN
Counsel for Employment Standards
LAURA C. BREMER (SBN 162900)
Trial Attorney
JOSEPH M. LAKE (SBN 246679)
Trial Attorney
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7757
Facsimile: (415) 625-7772
Email: bremer.laura@dol.gov

Attorneys for Plaintiff, Hilda L. Solis, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> SHIPPERS TRANSPORT EXPRESS, INC., a California corporation, <br><br> Defendant. | Case No.: CV 12 4249 <br><br> COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT <br><br> NC |

Plaintiff, **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

## NATURE OF THE ACTION

1. In this action, the Secretary seeks to enjoin defendant **SHIPPERS TRANSPORT EXPRESS, INC.** ("Shippers Transport") from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), pursuant to section 17 of the FLSA, 29 U.S.C. § 217; and to recover unpaid minimum wage compensation owing to defendant's employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## PARTIES

2. Plaintiff Hilda L. Solis is the Secretary of Labor for the United States Department of Labor.

3. Defendant Shippers Transport is a corporation organized and existing under the laws of California with its principal place of business in Seattle, Washington. It maintains offices in Oakland, California.

## JURISDICTION

4. Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.

## VENUE

5. Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Oakland, Alameda County, California.

## INTRADISTRICT ASSIGNMENT

6. Assignment of this action to the San Francisco or Oakland Divisions of the Northern District of California pursuant to Civil Local Rule 3-2(c) is proper, because a substantial part of the events or omissions which gave rise to his claim occurred in Alameda County.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Shippers Transport is a trucking and freight transportation company that arranges for and transports containerized goods arriving and departing on ocean vessels via ports, including the Port of Oakland.

8. Shippers Transport employs and has employed drivers who are or were engaged in its transportation business, transporting, shipping, and/or delivering goods to and from ports in California, including the Port of Oakland, to foreign countries and to and from states outside of California. These drivers were and are engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

9. Shippers Transport is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. Shippers Transport at all relevant times was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of sections 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A); in that it had employees who were and are engaged in commerce or the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce by any person, and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

11. Shippers Transport employs and has employed drivers to transport containers, each of whom is required to enter into a standardized contract with Shippers Transport that purportedly designates them as independent contractors.

12. The drivers who work for Shippers Transport are integral and indispensable to Shippers Transport's transportation business.

13. As a matter of economic reality, the drivers are economically dependent on Shippers Transport.

14. Shippers Transport directs and exercises control over drivers' day-to-day activities.

15. Drivers who lease their trucks from Shippers Transport are not able to use their trucks to work for other companies.

16. Shippers Transport controls the assignment of loads and destinations to drivers.

17. Shippers Transport unilaterally determines the rate of pay for each load.

18. The factors most determinative of drivers' profit and loss are controlled by Shippers Transport.

19. Shippers Transport's investment in its business is much greater than drivers' investment in their work for Shippers Transport.

20. Drivers for Shippers Transport are not required to possess, demonstrate, or obtain specialized skills beyond the ability to drive a truck.

21. Drivers generally are employed by Shippers Transport on a permanent, full-time basis.

## FIRST CAUSE OF ACTION
### (Violation of Minimum Wage Provisions of the FLSA)

22. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 21 of the Complaint.

23. Drivers who work or have worked for Shippers Transport in Oakland, California, are employees entitled to the protection of the FLSA.

24. Shippers Transport is an employer required to comply with the FLSA.

25. During the period since August 20, 2009, Shippers Transport has repeatedly violated and continues to willfully violate the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying many of its drivers in Oakland, California wages at rates less than $7.25 per hour worked in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, as aforesaid.

26. During the period since August 20, 2009, Shippers Transport has repeatedly violated and continues to willfully violate the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by making deductions for expenses that primarily benefit Shippers Transport from its drivers' wages and thereby reducing its Oakland drivers' wages to below the minimum wage in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or

1  in the production of goods for commerce, within the meaning of the FLSA, as
2  aforesaid.

## SECOND CAUSE OF ACTION
### (Violation of Recordkeeping Provisions of the FLSA)

27. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 26 of the Complaint.

28. During the period since August 20, 2009, Shippers Transport has repeatedly violated, and continues to willfully violate, the provisions of sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), in that it failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 CFR § 516.

## PRAYER FOR RELIEF

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against defendant as follows:

(a) For an Order pursuant to section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Shippers Transport, its officers, agents, servants, employees, and those persons in active concert or participation with it from prospectively violating the provisions of the FLSA; and

(b) For an Order

(1) pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Shippers Transport liable for unpaid minimum wage compensation due Shippers Transport's employees and former employees who worked in Oakland, and for liquidated damages equal in amount to the unpaid compensation found due

1  Shippers Transport's employees listed in the attached Exhibit A during the period
2  three years prior to the filing of the Complaint and thereafter (additional back
3  wages and liquidated damages may be owed to certain employees presently
4  unknown to plaintiff for the period covered by this Complaint, and thus not listed
5  on Exhibit A); or in the event liquidated damages are not awarded;

6  (2)  pursuant to section 17 of the FLSA, 29 U.S.C. § 217, enjoining
7  and restraining Shippers Transport, its officers, agents, servants, employees and
8  those persons in active concert or participation with Shippers Transport, from
9  withholding payment of unpaid back wages found to be due Shippers Transport's
10 employees during the three-year period immediately preceding the filing of this
11 Complaint and thereafter and pre-judgment interest at an appropriate interest rate;

12 (3)  pursuant to section 17 of the FLSA, 29 U.S.C. § 217, enjoining
13 and restraining Shippers Transport, its officers, agents, servants, employees and
14 those persons in active concert or participation with Shippers Transport, from
15 failing to make, keep, and preserve adequate and accurate records of employees
16 and the wages, hours and other conditions and practices of employment maintained
17 by them as prescribed by regulations duly issued pursuant to authority granted in
18 the FLSA and found in 29 CFR § 516;

19 (c)  For an Order awarding plaintiff the costs of this action; and

20

21  / / /

22

23

24  / / /

25

(d) For an Order granting such other and further relief as may be necessary or appropriate.

Dated: August 13, 2012

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DAVID M. KAHN
Counsel for Employment Standards

LAURA C. BREMER
Trial Attorney

By: _____
JOSEPH M. LAKE
Trial Attorney

UNITED STATES
DEPARTMENT OF LABOR
Attorneys for the Plaintiff

EXHIBIT A

1. Mark Abney
2. Eugenio Alfero
3. Armando Amador
4. Ralph Bates
5. Jose Maria Braga
6. Tammany Brooks
7. William Cantrell
8. Dimas Gomez Castro
9. Israel Chavez
10. Siu Eng
11. Renato Ferrante
12. Marvin D Figueroa
13. Jose Garcia
14. Najibullah Ghafar
15. Xavier Gillete
16. William A. Gonzalez
17. Lemuel Hardaway
18. Thon Kloak
19. Ivan Lainez
20. Augusto Rene Lam
21. Nhan Trung Le
22. Hernando Martinez

23. Hoang Nguyen
24. Jamie B. Nunez
25. Herbert Olivares
26. Alan Pelley
27. Yul R. Perdomo
28. Armando Perez
29. Justin Phan
30. Zharman Prior
31. John M. Puerta
32. Dagoberto Rodreiguez
33. Orlando Sanchez
34. Carlos Suarez
35. Thomas J. Templin
36. Carletta Todd-Reed
37. Johnny Tran