LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-4255 BRO (PLAx) | | Date | July 8, 2014 |
|---|---|---|---|---|
| Title | PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC. | | | |

| No, I will Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Julieta Lozano | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       (IN CHAMBERS)

## ORDER GRANTING SANCTIONS FOR SPOLIATION OF EVIDENCE [47] AND STRIKING SUPPLEMENTAL DECLARATIONS [53] [55]

## I.    INTRODUCTION

Pending before this Court is a motion by the Secretary of Labor (the "Secretary") to sanction Defendant Shippers Transport Express ("Shippers") for spoliation of evidence.  The Secretary raises two issues, whether Shippers':  (1) failure to prevent its employees from deleting discoverable text messages and emails warrants sanctions; and, (2) attempts to recover these written communications should mitigate or obviate any necessary sanctions.  For the reasons discussed below, the Court finds Shippers' conduct to warrant sanctions and thus GRANTS the Secretary's motion.

## II.   BACKGROUND

### A. The Parties

In August 2012, the Secretary of Labor of the U.S. Department of Labor filed this action against Shippers for violations of the Fair Labor Standards Act ("FLSA").  (Dkt. No. 1.)  Defendant Shippers is a Seattle-based company organized under the laws of California.  (Dkt. No. 9 at 2.)  Shippers maintains terminals and storage yards and arranges for transportation services for some containerized cargos arriving and departing on ocean vessels through various ports, including the Port of Oakland.  (Dkt. No. 9 at 3.)

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-4255 BRO (PLAx) | Date | July 8, 2014 |
|---|---|---|---|
| Title | PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC. | | |

## B. The Dispute

In September 2011, the Department of Labor began investigating Shippers for potential violations of the FLSA. (Dkt. No. 47-3.) In connection with that investigation, the Wage Hour Division ("Wage Hour") requested that Shippers provide it with certain records, including time and payroll records for all drivers. (Dkt. No. 47-3 at 4-5.) Wage Hour notified Shippers on February 17, 2012 that it found Shippers to be in violation of FLSA minimum wage regulations because of Shippers' allegedly improper designation of its truck drivers as independent contractors rather than employees. (Dkt. No. 47-2 at 2.) On March 1, 2012, Wage Hour referred Shippers' case to the Secretary. (Dkt. No. 47-2 at 2.)

On August 13, 2012, the Secretary lodged the underlying complaint against Shippers, alleging violations of the minimum wage and recordkeeping provisions of FLSA. (Dkt. No. 1.) In response, Shippers denied the allegations and set forth thirty affirmative defenses. (Dkt. No. 9.) The central issue in dispute for purposes of evaluating the Secretary's allegations is whether Shippers' truck drivers are properly characterized as employees or independent contractors.

## C. Discoverable Text Messages and Emails

On November 6, 2013, the Secretary propounded requests for production ("RFPs") on Shippers. (Dkt. No. 47-4.) In relevant part, these requests sought written communications between Shippers and its truck drivers dating back to August 20, 2009, "including but not limited to emails, text messages, publications, notes, complaints, and letters." (Dkt. No. 47-4 at 4, 5.) Shippers filed its answers and objections on January 24, 2014. (Dkt. No. 47-5.) In response to the Secretary's request for any emails and text messages, Shippers objected on the grounds that the request was vague, ambiguous, overbroad, and unduly burdensome, but noted that it was willing to meet and confer regarding narrowing the request. (Dkt. No. 47-5 at 9.)

As a result, the parties held a telephonic conference on March 18, 2014, in which the Secretary expressed its desire to see written communications such as emails and text messages that relate to the drivers' work. (Dkt. No. 47-7 at 1–2.) The Secretary clarified that it sought such communications on the basis that they could relate to the issue of the control that Shippers exerted over its drivers—a key factor in determining whether to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-4255 BRO (PLAx) | | Date | July 8, 2014 |
|---|---|---|---|---|
| Title | PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC. | | | |

classify a worker as an employee or independent contractor.  (Dkt. No. 47-7 at 2.)  The Secretary then sent a letter to Shippers on March 19, 2014 memorializing this call, and then a follow-up letter on April 2 when Shippers failed to respond.  (Dkt. No. 47-9.)

On April 4, 2014, Shippers replied to the Secretary.  (Dkt. No. 47-10.)  In response to the Secretary's ongoing requests for work-related emails or text messages between Shippers and its drivers, Shippers' counsel wrote: "We have conferred with our client regarding this request and the clarification your office provided during our March 19, 2014 conference call.  Our client indicates that no responsive documents exist.  We will provide an amended verified response accordingly."  (Dkt. No. 47-10 at 2.)

Between April 15 and 17, 2014, the Secretary deposed three of Shippers' key employees: (1) General Manager Guy Sanderson, (2) Operations Manager Maria Banales, and (3) Dispatcher Kelvin Pham.  (Dkt. No. 47-2 at 4.)  Both Mr. Sanderson and Ms. Banales testified that they do not send text messages.  (Dkt. Nos. 47-11 at 7, 52-2 at 6.)  Mr. Pham, however, testified that he not only sends text messages, he has since last year been sending texts to Shippers' drivers on a daily basis about who will be picking up which loads.  (Dkt. No. 47-17 at 5–8, 11–13, 16–23, 25.)  In fact, given that his first step in offering loads to his drivers is to send a group text to all but two of his drivers (whose telephones lack texting capabilities), texting appears to be Mr. Pham's primary method of communication with Shippers' drivers.  (Dkt. No. 47-17 at 12, 18–19.)  When asked during his deposition whether he retained these text messages, Mr. Pham responded that he deleted all of his text messages on a daily basis.  (Dkt. No. 47-17 at 5–6.)  Mr. Pham also testified that he had never been asked by anyone to retain the text messages between himself and Shippers' drivers.  (Dkt. No. 47-17 at 6.)

Similarly, Ms. Banales—the operations manager whose job description entails speaking with and delivering rates to customers and communicating with drivers (Dkt. No. 47-16 at 6)—testified during her deposition that she had never been asked to retain any documents such as emails that are related to this case (Dkt. No. 47-16 at 12–14.)  Rather, she testified that she deletes them on a bi-weekly basis.  (Dkt. No. 47-16 at 14.)  After hearing Mr. Pham's and Ms. Banales's testimony, the Secretary notified Shippers via an April 18 letter of its intent to file a motion for sanctions.  (Dkt. No. 47-15.)

Following these depositions, Shippers' counsel addressed the issue of potentially destroyed text and email messages.  With regard to Ms. Banales's deleted emails,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-4255 BRO (PLAx) | | Date | July 8, 2014 |
|---|---|---|---|---|
| Title | PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC. | | | |

Shippers' counsel informed the Secretary that although Ms. Banales deleted her emails from her inbox, they were still accessible through Shippers' backup storage drive. (Dkt. No. 51-2 at 5.) Shippers' counsel also suggested that the Secretary provide Shippers with search terms with which to search the backup system for any relevant emails that were not produced. (Dkt. No. 47-18 at 2–3.) As for Mr. Pham's text messages, Shippers' counsel informed the Secretary that they were unaware that any of Shippers' employees were texting with drivers, and assured the Secretary that they would take follow-up steps to recover the deleted text messages and produce them. (Dkt. No. 51-1 at 35.) The parties also conferred about the missing text messages over the telephone on April 24, 2014. Although the parties dispute the exact content of what was said during this call, Shippers' counsel concedes that he apologized to the Secretary for failing to produce these text messages. (Dkt. No. 51-1 at 3.)

### D. The Secretary's Motion for Sanctions

On May 2, 2014, the Secretary filed this motion for sanctions against Shippers for spoliation of evidence. (Dkt. No. 47-1.) The Secretary argues that sanctions are warranted because Shippers failed to comply with its duty to preserve evidence that was crucial to the Secretary's case in chief, resulting in severe prejudice to the Secretary. The Secretary requests the following relief: (1) evidentiary sanctions precluding Shippers from introducing any evidence in the form of independently obtained text messages and emails related to Shippers' level of control over its drivers and striking any testimony from Shippers' witnesses regarding what the destroyed texts and emails may have said; (2) an adverse inference jury instruction regarding the missing texts and emails; and, (3) a court-ordered admission by Shippers that its employees sent daily text messages to its drivers that controlled the manner and means in which the drivers' work was to be performed. (Dkt. No. 47-1 at 18–21.)

Shippers has opposed this motion on several grounds. (*See* Dkt. No. 51 at 9–18.) Its chief arguments are that: (1) the missing evidence may be recovered and was thus not destroyed; (2) Shippers should not be sanctioned for failing to preserve evidence it was unaware existed; (3) Shippers has acted diligently in attempting to recover any lost evidence; (4) the Secretary has not been prejudiced by any spoliation; and, (5) the Secretary's motion conflicts with the Central District of California's Local Rules because it failed to comply with the requirements for filing discovery-related motions under Rules

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-4255 BRO (PLAx)** | Date | July 8, 2014 |
|---|---|---|---|
| Title | **PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC.** | | |

37-1 and 37-2, and because the parties have not yet met and conferred as required by Rule 7-3.  (Dkt. No. 51 at 9–18.)

The Secretary replied on May 9, 2014.  (Dkt. No. 52.)  In the interim, Shippers produced to the Secretary a number of heavily redacted text messages that had been retrieved from the cellular telephones of Shippers' employees.  (Dkt. No. 52-3.)  According to the Secretary's counsel, Shippers represented that these constitute all of the text messages that Shippers was able to recover (Dkt. No. 52-1 at 2), although it appears that Shippers has also subpoenaed the deleted text messages from the cellular telephone service provider, AT&T, who may be able to recover deleted messages from up to sixteen months ago (Dkt. No. 51-2 at 4).  Shippers' recent supplemental production includes work-related text messages from Mr. Pham, as well as from Ms. Banales and from the inbox of Mr. Sanderson, both of whom testified at their depositions that they do not send text messages.  (Dkt. Nos. 51-1, 51-7, 51-10, 52-3.)  In addition, Shippers appears to have produced Mr. Pham's text messages for a sixteen-day period of time.  (Dkt. No. 52-3.)  The Court heard oral argument by the parties on July 7, 2014.

## III.   MOTION FOR SANCTIONS

### A. The Legal Standard for Imposing Sanctions

District courts in the Ninth Circuit are vested with "the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence."  *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993); *accord Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (recognizing district courts' inherent authorities arising out of "'the control necessary[y] . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991))).  When a party fails to meet its duty to preserve evidence, the opposing party may move the court to sanction that party for destroying evidence.  *See Unigard*, 982 F.2d at 365.

A court need not find that a party acted in "bad faith" in order to impose sanctions for spoliation of evidence.  *See Glover*, 6 F.3d at 1329; *Unigard*, 982 at 368 n.2.  Rather, a party may be sanctioned simply for having notice that the destroyed evidence was potentially relevant to the litigation.  *See Glover*, 6 F.3d at 1329; *Akiona v. United States*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-4255 BRO (PLAx) | | Date | July 8, 2014 |
|---|---|---|---|---|
| Title | PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC. | | | |

938 F.2d 158, 161 (9th Cir. 1991).  In determining what degree of sanction (if any) to impose, however, a court must consider the party's state of mind.

Courts may sanction parties responsible for spoliation of evidence in three primary ways.  *See In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1066 (N.D. Cal. 2006).  First, a court may instruct the jury that it may draw an inference that is adverse to the party responsible for destroying the evidence.  *See Glover*, 6 F.3d at 1318; *Akiona*, 938 F.2d at 161.  Second, a court may exclude witness testimony based on destroyed evidence that is offered by the party responsible for destroying the evidence.  *See Glover*, 6 F.3d at 1329; *Unigard*, 982 F.2d at 161.  Finally, a court may dismiss the claim of the party responsible for spoliation.  *See Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806–07 (7th Cir. 1995); *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013); *see also Chambers*, 501 U.S. at 45 (noting that "outright dismissal . . . is a particularly severe sanction, yet is within the court's discretion").

### B. Shippers' Conduct Warrants Sanctions

Turning to Shippers' conduct, the Court finds ample justification in the record to sanction Shippers for destroying relevant and discoverable evidence.

### 1. Shippers Breached Its Duty to Preserve Evidence

To begin, the record makes clear that Shippers failed to satisfy its duty to preserve. It is well established that "[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *Napster*, 462 F. Supp. 2d at 1067; *accord Unigard*, 982 F.2d at 365, 369 (affirming district court's evidentiary sanctions for destruction of evidence two years before lawsuit was filed).

### a. Shippers Failed to Implement an Effective Litigation Hold

Under the circumstances, there are several dates on which Shippers' duty to preserve may have been triggered.  Shippers was first alerted to the potential for future litigation when Wage Hour notified it of their investigation into potential FLSA violations on September 29, 2011.  (Dkt. No. 47-3 at 4–5.)  While Wage Hour's letter did not explicitly threaten litigation, its notification of possible noncompliance with FLSA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-4255 BRO (PLAx) | Date | July 8, 2014 |
|---|---|---|---|
| Title | PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC. | | |

may suffice to put Shippers on notice. *See Napster*, 462 F. Supp. 2d at 1067; *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (noting that the duty to preserve attaches "when a party should have known that the evidence may be relevant to future litigation"). Alternatively, Shippers' duty to preserve would have attached on August 13, 2012, when the Secretary filed its complaint in this matter. (Dkt. No. 1.) At that point, Shippers was informed with certainty that its relationship with its drivers was the subject of litigation, which clearly put them on notice to preserve communications between Shippers employees and its drivers.

Despite the obvious relevance of written communications between Shippers and its drivers, arguably the duty to preserve text messages and emails did not arise until November 16, 2013, when the Secretary explicitly requested text messages and emails between Shippers and its drivers in the Secretary's first set of RFPs. (Dkt. No. 47-4 at 6.) However, the Court need not decide the exact date for purposes of this motion. Under any construction of Shippers' duty, it was clearly triggered well before April 15, 2014, when the Secretary deposed Mr. Pham and Ms. Banales. And on that date (and over the following two days), it became evident that Shippers had *still* not taken any measures whatsoever to preserve written correspondence between its employees and its drivers. For instance, Mr. Pham testified that he had never been asked by anyone to retain text messages between himself and drivers. (Dkt. No. 47-17 at 6.) Similarly, Ms. Banales testified that she had never been asked to retain her emails. (Dkt. No. 47-16 at 12–13.) In fact, Ms. Banales testified that she had never been told to keep *any* documents related to Shippers' drivers or to their pay and work schedules. (Dkt. No. 47-16 at 13.)

Contrary to Shippers' contention that they put an immediate litigation hold in place (Dkt. Nos. 51 at 13, 51-1 at 2),[1] it appears from the deposition testimony that no such litigation hold was implemented. Rather, Shippers' employees continued with their practice of deleting their written communications with drivers on a routine basis. Any efforts taken to preserve evidence were thus ineffective and insufficient to satisfy Shippers' duty to preserve. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1146 (N.D. Cal. 2012) (noting a company's failure to satisfy its duty to preserve because of its "failure to monitor its employees' efforts downstream, as opposed to its immediate efforts to educate its employees" of the lawsuit).

---

[1] Shippers' counsel claims that he sent a "document retention litigation hold letter" in early 2012 (Dkt. No. 51-1 at 2), yet Shippers has not produced any evidence of such a letter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-4255 BRO (PLAx) | | Date | July 8, 2014 |
|---|---|---|---|---|
| Title | PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC. | | | |

### b. Shippers' Excuses for Its Failure to Preserve Are Insufficient

Shippers proffers several reasons for its failure to meet its duty to preserve evidence, but none of these arguments excuses Shippers from performing its duty. At the outset, it appears that Shippers had only a small number of employees to monitor in preserving evidence. While even large companies have the duty to ensure compliance from their employees, *see, e.g.*, *Apple*, 881 F. Supp. 2d at 1146 (assigning this duty to the international corporation Samsung Electronics), Shippers does not dispute the Secretary's contention that Shippers has only nine employees at their Oakland office where this dispute is centered (Dkt. No. 47-1 at 14).[2] Regardless of how many employees Shippers employs, however, its failure to monitor reached the employees most likely to have discoverable information. Given his role as dispatcher, Mr. Pham's communications with the drivers were clearly relevant to the issue of the control Shippers exerted over its drivers. And Ms. Banales, by her own admission, is the "number two person in charge" at Shippers' Oakland facility. (Dkt. No. 47-16 at 7.) That neither of these employees was ever told to retain their communications prior to April 2014 is inexcusable.

Shippers' argument that it cannot be expected to preserve evidence that it was unaware existed is without merit. Shippers appears to base this argument on the dubious contention that "[t]ext messaging is a new technology," and its purported ignorance that its employees were sending text messages. (Dkt. No. 51 at 15.) The use of text messaging as a form of communication is widespread to say the least, and Shippers' alleged ignorance of this practice is insufficient to excuse Shippers of its duty. Instead, "[t]he duty to preserve also includes an obligation to *identify, locate, and maintain* [relevant] information." *Apple*, 881 F. Supp. 2d at 1135 (emphasis added). Shippers thus had the obligation to identify and locate relevant written communications even if it did not know they existed. Yet Shippers apparently never even asked its employees if they sent text messages prior to Mr. Pham's deposition, despite the Secretary's RFP clearly requesting such materials.

Finally, Shippers' argument that it was somehow the Secretary's duty to retrieve these written communications from a third-party source (the drivers) is not well received. Shippers cannot foist its legal duty to preserve discoverable evidence on others by

---

[2] At the hearing on this matter, Shippers argued that the small number of employees in Oakland mitigated its responsibility. The Court finds this argument unpersuasive.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-4255 BRO (PLAx)** | | Date | July 8, 2014 |
|---|---|---|---|---|
| Title | **PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC.** | | | |

arguing that some of that evidence may be obtained from parties not involved in this action.

As a result, Shippers has breached its duty to preserve evidence.  Such a breach warrants sanctions.  *See Glover*, 6 F.3d at 1329; *Akiona*, 938 F.2d at 161.

### 2.  Shippers Has Destroyed Relevant and Discoverable Evidence

Shippers' opposition makes the case that sanctions are not warranted because no evidence has been destroyed.  Indeed, it appears that many of the discoverable emails that Ms. Banales (and potentially others) deleted are recoverable through a backup email server called "Postini."[3]  (Dkt. No. 51-2 at 5.)  These emails were never produced to the Secretary despite the clear request to see them, and Shippers now readily concedes that there are "thousands" of emails that are responsive to the Secretary's search terms, which will take a significant amount of time to produce.  (Dkt. 51 at 8.)  Thus, while the emails may eventually be recoverable, Shippers' failure to have its employees retain them and then produce them during discovery will likely either preclude the Secretary from reviewing them before the December 1 trial date or require this Court to modify its schedule to allow the Secretary to do so.

More importantly, Shippers concedes that it may not be able to recover all of the text messages that were deleted.  Mr. Pham testified that he had been both using text messaging as his primary method of contact with the drivers and deleting these text messages on a daily basis.  (Dkt. No. 47-17 at 5–6.)  These text messages are clearly relevant to this dispute.  Given his role as dispatcher for Shippers, Mr. Pham's communications with the drivers regarding the assignment of loads to transport is relevant to the issue of control exerted by Shippers over the drivers.  In fact, as texting was Mr. Pham's primary method of communication with the drivers, these messages may be the *most* relevant evidence for this issue.

Shippers has apparently been able to recover some text messages that had been deleted from the phones of Mr. Sanderson, Ms. Banales, and Mr. Pham, and Shippers has

---

[3] The Secretary has expressed doubt that the emails are fully recoverable based on problems with this system that were raised in the case related to this matter.  (Dkt. No. 52 at 4 n.4.)  For purposes of this motion, the Court will assume that the Postini system works as Shippers claims it does.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-4255 BRO (PLAx) | | Date | July 8, 2014 |
|---|---|---|---|---|
| Title | PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC. | | | |

now belatedly produced these texts to the Secretary.[4]  (Dkt. No. 51-3 at 2–3.)  But these text messages cover sixteen days of Mr. Pham's texting history, and only as far back as February 18, 2014.  (Dkt. Nos. 51-3 at 3, 52-3.)  Given Mr. Pham's testimony that he was sending text messages to his drivers on a daily basis since the previous year, there are clearly numerous relevant text messages missing from Shippers' production.  Shippers maintains that it will recover these messages through the service provider AT&T, whom it has now subpoenaed to retrieve these messages.  (Dkt. No. 51-2 at 4–5.)  According to Shippers, AT&T may be able to recover messages dating back as far as sixteen months.  (Dkt. No. 51 at 9.)  But Shippers cannot give any assurances of this capability, and any supplemental production after AT&T delivers the text messages and Shippers reviews and redacts them is likely to come on the eve of trial.  In any event, the Court deems it unlikely that Shippers' efforts to recover deleted emails and text messages will result in full production of all relevant documents.

### 3.  The Secretary Has Been Prejudiced by Shippers' Spoliation of Evidence

Shippers also contends that it should not be sanctioned because its spoliation of evidence has not caused any prejudice to the Secretary.  Specifically, Shippers claims that the missing text messages are likely to mirror the ones it has just produced, which Shippers argues support its case that Shippers did not exert significant control over the drivers.  Whether the text messages support Shippers' position or that of the Secretary is immaterial for purposes of imposing sanctions; what is important is that the destroyed evidence was relevant to the underlying dispute.[5]  *See Wm. T. Thompson Co. v. Gen. Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984) ("Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information.").  And as discussed above, the missing evidence is highly relevant to this litigation.

---

[4] The text messages produced by Shippers have been heavily redacted.  (Dkt. No. 52-3.)

[5] The Court also disagrees with Shippers' argument that the text messages only support its position.  True, some text messages highlighted by Shippers demonstrate that some drivers used profanity toward Mr. Pham and indicated that they did not wish to pick up certain loads, but this is far from determinative on the issue of control.  More importantly, the Secretary has also pointed to text messages that support its contention that Shippers exercised significant control over the drivers, leading to the inference that further such text messages may exist.  (*See, e.g.*, Dkt. No. 47-8.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-4255 BRO (PLAx)** | Date | July 8, 2014 |
|---|---|---|---|
| Title | **PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC.** | | |

Shippers' alternative argument that the Secretary has not been prejudiced by the belated production because trial is still six months away is also unpersuasive.  A great deal of time and strategic planning goes into preparing for a trial, and the existence or nonexistence of certain facts can shape a party's entire approach to preparing for trial.  It is largely a recognition of how much preparation a trial entails that leads courts to set discovery cutoff dates far in advance of trial.  *See TV Interactive Data Corp. v. Sony Corp.*, C 10-475 PJH MEJ, 2012 WL 1413368, at *3 (N.D. Cal. Apr. 23, 2012) ("The overall purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare for trial."); *see also Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984) ("The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial.").  Six months is not as much preparation time as Shippers characterizes it to be, and Shippers has not even suggested when it might be able to finish any supplemental production.  Thus, even if Shippers produces all the missing documents to the Secretary, the Secretary is still prejudiced by Shippers' conduct simply because the Secretary's counsel will be restricted in the time she has to review the evidence and prepare for the December 1 trial.

## 4.  Shippers' Attempts at Belated Compliance Are Insufficient

Shippers has made various attempts since the depositions of its employees to redress the issue of its deleted emails and text messages.  Although these attempts will be considered in determining which sanctions should be imposed, they are insufficient to obviate the need for sanctions.

When addressing sanctions related to discovery abuse, the Ninth Circuit has on numerous occasions rejected the defense of "belated compliance."  *See, e.g.*, *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) ("Belated compliance with discovery orders does not preclude the imposition of sanctions."); *G–K Props. v. Redevelopment Agency*, 577 F.2d 645, 647–48 (9th Cir. 1978) ("[T]he appellants' last-minute tender of relevant documents could not cure the problem they had previously created.").  For the same reasons, Shippers cannot discharge its duty to preserve documents by attempting to recover destroyed documents.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-4255 BRO (PLAx)** | | Date | July 8, 2014 |
|---|---|---|---|---|
| Title | **PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC.** | | | |

Moreover, the effects of Shippers' attempts to rectify its omissions have been limited.  For instance, although it engaged forensic experts to recover deleted text messages, it has so far failed to recover the vast majority of Mr. Pham's—the very person whose text messages are most pertinent to this litigation.  And the text messages that Shippers has produced have been heavily redacted.  (*See* Dkt. No. 52-3.)  Such efforts are insufficient to redeem Shippers of its failure to preserve relevant evidence.

### 5.  The Secretary Has Sufficiently Complied with the Local Rules

Finally, Shippers attempts to evade any sanctions by arguing that the Secretary's motion fails to comply with the Local Rules.  First, Shippers attempts to characterize this as a discovery motion, which would require the parties to file a written stipulation with the Court following a conference between counsel for the parties.  *See* C.D. Cal. L.R. 37-1, 37-2.  But this is not a discovery dispute; rather, this is a motion asking the Court to exercise its "inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence."  *Glover*, 6 F.3d at 1329.  As such, Rules 37-1 and 37-2 do not apply to this motion.

Shippers correctly notes, however, that Rule 7-3 does apply to this motion.  And pursuant to this Rule, the Secretary was required to meet and confer with Shippers at least seven days prior to filing this motion and to include in its notice of motion a statement indicating when the parties met and conferred.  C.D. Cal. L.R. 7-3.  The Secretary failed to include this statement.  Nevertheless, the purpose of this Rule is to ensure that the parties have taken the opportunity to discuss the subject matter of any motion prior to involving the Court.  There is ample evidence in the record that the Secretary made multiple attempts to meet and confer with Shippers regarding Shippers' failure to produce any text messages and emails (*see, e.g.*, Dkt. Nos. 47-2 at 3, 4–5; 47-6; 47-7; 47-9; 47-18 at 1–2), and that the parties held a telephonic conference eight days before this motion was filed, in which they discussed the substance of this motion.  The Secretary's failure to include a statement identifying the date of the conference will therefore be excused because the Secretary otherwise complied with the Local Rules.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-4255 BRO (PLAx) | | Date | July 8, 2014 |
|---|---|---|---|---|
| Title | PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC. | | | |

### C. Evidentiary and Adverse Inference Sanctions Are Appropriate

In crafting sanctions for spoliation of evidence, a court must practice "restraint and discretion" and impose sanctions only of the degree necessary to redress the sanctioned party's abuse. *Chambers*, 501 U.S. at 45; *Reinsdorf*, 296 F.R.D. at 626; *accord Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994) (stating that courts should choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim"). The Court will thus only impose sanctions necessary to redress Shippers' failure to preserve relevant text messages and emails.[6] Counsel for Shippers has conceded, both in their briefs and during oral argument, that they made a mistake, and Shippers has undertaken efforts to rectify this mistake. But neither this admission nor the remedial efforts have cured the deficiency. As a result, adverse inference sanctions, and perhaps preclusion sanctions as well, are warranted.

### 1. Preclusion Sanctions May Be Warranted

"The court's inherent authority to impose sanctions for the wrongful destruction of evidence includes the power to exclude evidence that, given the spoliation, would 'unfairly prejudice an opposing party.'" *Napster*, 462 F. Supp. 2d at 1077 (quoting *Unigard*, 982 F.2d at 368). Whether to impose preclusion sanctions thus depends on the extent to which the Secretary was prejudiced by Shippers' spoliation of evidence.

As discussed above, the missing texts and emails were very likely to be relevant to the underlying dispute. Mr. Pham's text messages in particular, the vast majority of which are missing, likely go to the very heart of the issue whether Shippers exercised substantial control over its drivers. As a dispatcher, his communications with the drivers are likely to provide very persuasive insight into the dynamics of Shippers' relationship with its drivers. By failing to preserve that evidence, Shippers has effectively prohibited the Secretary from accessing some of the most important evidence available for establishing this key element of his case. The Secretary thus has been prejudiced by Shippers' conduct.

Allowing Shippers to introduce evidence in the form of either text messages or emails that Shippers has recovered (or testimony suggesting what the missing emails or

---

[6] A sanction awarding dismissal or a court-ordered admission by Shippers is not warranted at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-4255 BRO (PLAx) | | Date | July 8, 2014 |
|---|---|---|---|---|
| Title | PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC. | | | |

text messages may have said) would enable Shippers to introduce only a select subset of this important evidence into the record.  That the Secretary has been denied access to other such information may justify the issuance of preclusion sanctions.

That being said, full preclusion sanctions as to both emails and text messages may not be necessary if Shippers is able to recover the majority of the missing documents through its allegedly ongoing recovery efforts with sufficient time to allow the Secretary to review them and prepare for trial.  Thus, the nature and extent of the preclusion sanctions, if any, will be determined at a later time.

## 2.  Adverse Inference Sanctions Are Warranted

To impose an adverse inference sanction, the Court must find "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that [evidence was] destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."  *Chevron U.S.A., Inc. v. M & M Petroleum Servs., Inc.*, SACV 07-0818DOCANX, 2009 WL 2431926, at *22 (C.D. Cal. Aug. 6, 2009); *Napster*, 462 F. Supp. 2d at 1077.  Each of these factors is satisfied here.

First, Shippers clearly had control over the text messages and emails that were deleted, and, as discussed above, it had an obligation to preserve these communications potentially as far back as September 2011.

Second, the requisite "culpable state of mind" for imposing an adverse inference sanction is willfulness, which may be satisfied by establishing that the spoliating party had "some notice that the documents were *potentially* relevant to the litigation before they were destroyed."  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006); *Nursing Home Pension Fund v. Oracle Corp.*, 254 F.R.D. 559, 567 (N.D. Cal. 2008); *accord Napster*, 462 F. Supp. 2d at 1078 (finding culpable state of mind where party destroyed evidence with "gross negligence").  Here, Shippers had notice that the text messages and emails were "potentially relevant" to this matter at the very latest by November 2013 when the Secretary served his discovery requests.  The Secretary pressed Shippers repeatedly on its initial objections to his RFP seeking emails and text messages, and Shippers maintained in a letter that there were no responsive documents to that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-4255 BRO (PLAx) | Date | July 8, 2014 |
|---|---|---|---|
| Title | PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC. | | |

request.  (Dkt. No. 47-10 at 2.)  Yet Shippers continued to permit its employees to delete their text messages and emails.  Indeed, Shippers conceded at the hearing on this matter that Mr. Sanderson "simply missed it."  The Court finds that this constitutes "gross negligence, if not willfulness." *Napster*, 462 F. Supp. 2d at 1078.

Finally, a reasonable trier of fact could find that the missing text messages and emails supported the Secretary's case.  As discussed above, these communications were clearly relevant to the issue of control.  And as at least some of the text messages uncovered by the Secretary support the notion that Shippers exerted substantial control (*see, e.g.*, Dkt. No. 47-8), it is reasonable to presume that other messages could contain similar content.

The Secretary is thus entitled to an adverse inference jury instruction related to the spoliation of these text messages and emails.  Again, however, the extent to which these messages may be recoverable in the near future is unclear.  The Court will therefore determine the precise wording of this instruction at trial.

## IV.   MOTIONS TO STRIKE

As a final matter, Shippers filed three "declarations" in support of its opposition to this motion on June 2, 2014 and June 3, 2014.  (Dkt. Nos. 53, 53-1, 55.)  Shippers' opposition and all "evidence upon which the opposing party will rely" were due twenty-one days before the motion is to be heard, or on May 19, 2014.  C.D. Cal. L.R. 7-9.  Shippers' failure to abide by this Rule may subject it to sanctions for "filing any document . . . in opposition to[] any motion noticed for hearing . . . after the time for filing the same shall have expired."  C.D. Cal. L.R. 7-13.  Such sanctions may include (1) monetary sanctions, (2) imposition of costs and attorneys' fees to opposing counsel, and (3) such other sanctions as the Court deems appropriate.  C.D. Cal. L.R. 87-3.

Moreover, the Local Rules are clear that declarations may "contain only factual, evidentiary matter."  C.D. Cal. L.R. 7-7.  While much of the content in these declarations is evidentiary in nature, they also contain argumentative portions.  These declarations generally address (1) Shippers' contention that it has undertaken significant efforts that are ongoing to recover missing documents, and (2) Shippers' belief that the Secretary is being unreasonable in seeking sanctions.  For instance, one declaration contends that: "It

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-4255 BRO (PLAx)** | Date | July 8, 2014 |
|---|---|---|---|
| Title | **PEREZ V. SHIPPERS TRANSPORT EXPRESS, INC.** | | |

is unclear why the DOL insists on misrepresenting the fact that e-mails are not deleted for 10 years and have thus not been spoliated as they allege." (Dkt. No. 53 at 3.)

Parties are not permitted to file a response to the reply of a motion without a prior written order of the Court granting them leave to do so. C.D. Cal. L.R. 7-10; *see also von Saher v. Norton Simon Museum of Art at Pasadena*, 862 F. Supp. 2d 1044, 1045 n.1 (C.D. Cal. 2012) (striking plaintiff's filing as an improper sur-reply for failure to obtain prior consent by the court). Shippers did not obtain consent from the Court to file either supplemental evidentiary support for its opposition or a sur-reply. These filings will therefore be stricken.

## V.    CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Secretary of Labor's motion for sanctions to the extent it seeks an adverse inference jury instruction. The Court will reserve ruling on any issue preclusion instruction until a later time. The Court DENIES the Secretary of Labor's motion for sanctions to the extent it seeks a court-ordered admission by the Defendant. The Court also GRANTS the Secretary of Labor's Motion to Strike Sur-Reply and Motion to Strike Second Sur-Reply.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | jloz |