JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA
Associate Regional Solicitor
JEREMIAH MILLER (WSBA 40949)
Senior Trial Attorney
NATALIE A. NARDECCHIA (CSBN 246486)
Trial Attorney
United States Department of Labor
Office of the Solicitor
350 S. Figueroa St., Suite 370
Los Angeles, CA 90071
Direct: (213) 894-3284
Fax: (213) 894-2064
Email: nardecchia.natalie@dol.gov

Attorneys for Plaintiff, Thomas E. Perez,
Secretary, U.S. Department of Labor

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ,<br>　　Secretary of Labor,<br>　　United States Department of Labor,<br>　　　　　　Plaintiff,<br>　　v.<br>SHIPPERS TRANSPORT EXPRESS, INC., a corporation.<br>　　　　　　Defendant. | HON. BEVERLY REID O'CONNELL<br><br>Case No. 2:13-CV-04255-BRO-PLA<br><br>**PLAINTIFF SECRETARY OF LABOR'S MOTION IN LIMINE NO. 6 – EVIDENTIARY EXCLUSION OF DEFENDANT'S PROFERRED EXPERT, STEFAN BOEDEKER**<br><br>**Date: November 24, 2014**<br>**Location: Courtroom 14 (Spring St.)** |

**PLAINTIFF SECRETARY OF LABOR'S MOTION IN LIMINE NO. 6 – EVIDENTIARY EXCLUSION OF DEFENDANT'S PROFERRED EXPERT, STEFAN BOEDEKER**

## I.     INTRODUCTION

Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary") files the instant Motion in Limine No. 6 to preclude Defendant Shippers Transport Express, Inc. ("Defendant" or "Shippers") from offering into evidence any testimony, opinions, expert files, conclusions, or documentary evidence from one of its purported experts, Stefan Boedeker, on the grounds his proposed testimony: (1) is completely irrelevant to those issues set forth in the Secretary's case for misclassification of Defendant's Oakland area drivers and for violations of the Fair Labor Standards Act ("FLSA") and is accordingly excludable under Federal Rule of Evidence ("Rule") 401 and 402; (2) is confusing and/or prejudicial under Rule 403; (3) is unhelpful and a waste of time for both the Court and the jury pursuant to Rule 611; and (4) <u>Defendant has stipulated, in writing, that Boedeker will not present testimony in this case and that Defendant will not refer to or use Boedeker's expert files in this case</u>.

## II.     FACTUAL BACKGROUND

Defendant retained the services of a purported expert witness, Stefan Boedeker, and listed him on its trial witness list. Dkt. No. 83, p. 9.

Mr. Boedeker's expert report regard "literature about statistical sampling theory and survey methodology" and his opinions will be intended to "point[] out the problems and difficulties of using sample and survey based results to reliably calculate damages based on the [Taylor] plaintiffs' allegations." Ex. 1 (Boedeker Report), p. 4.

The Secretary has not listed any trial exhibits of witnesses regarding "statistical sampling theory" or "survey methodology."

Defendant listed various trial exhibits corresponding to Mr. Boedeker. Dkt. No. 84, pp. 153-157, Exs. 456-460.  Like several other exhibits on Defendant's list, the exhibits pertaining to Mr. Boedeker appear to relate only to the Taylor case.

On October 24, 2014, Counsel for Defendant agreed with the Secretary during a

meet and confer call that Mr. Boedeker's opinions are not relevant in this case because there is no statistical modeling, and stipulated in writing that Mr. Boedeker will not present testimony in this case and that Defendant will not refer to or use Boedeker's expert files in this case. Nardecchia Decl., ¶ 5; Ex. 2 (email dated October 24, 2014).

### III.   LEGAL ANALYSIS

#### A. Issues in this Case

This case centers on port truck drivers who transport containerized cargo on behalf of Defendant at or around the Port of Oakland, who have, for years, been misclassified as purported "independent contractors," but should in fact be classified as Defendant's employees with all of the safeguards and protections thereby afforded under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. (the "FLSA"), including proper payment of the federal minimum wage. As the Supreme Court has made clear, the FLSA's definition of "employee" is extraordinarily broad[1], and under the FLSA, the inquiry to determine a worker's status as either employee or independent contractor focuses on whether the worker, as a matter of economic reality, is dependent upon the employer or is in business for himself. Donovan v. Sureway Cleaners, 656 F.2d 1368, 1371-72 (9th Cir. 1981).

Accordingly, Plaintiff seeks to prove that Defendant misclassified its employees as independent contractors and therefore violated the minimum wage and record keeping requirements of the FLSA. See Dkt. 81 (Plaintiff's Memorandum of Contentions of Facts and Law). Defendant contends it correctly classified its employees as independent

---

[1] See U.S. v. Rosenwasser, 323 U.S. 360, 362-63, 65 S. Ct. 295, 296-97 (1945) ("A broader or more comprehensive coverage of employees . . . would be difficult to frame."); Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 296, 105 S. Ct. 1953, 1959 (1985) (The Supreme Court "has consistently construed the Act liberally to apply to the furthest reaches consistent with congressional direction, recognizing that broad coverage is essential to accomplish the [FLSA's] goal . . . .") (quotations and internal citation marks omitted).

**PLAINTIFF SECRETARY OF LABOR'S MOTION IN LIMINE NO. 6 – EVIDENTIARY EXCLUSION OF DEFENDANT'S PROFERRED EXPERT STEFAN BOEDEKER** Page **2** of **5**

contractors and that it had a good faith belief it was complying with the FLSA.  See Dkt. 82 (Defendant's Contentions of Fact and Law).

### B. Stefan Boedeker's Opinion Testimony and Related Exhibits Should Each Be Excluded

Expert testimony is not automatically admissible evidence. Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier-of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (a) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles or methods, and (3) the witness has applied the principle and methods reliably to the facts of the case.

Fed. R. Evid. 702

Under this rule, trial courts must serve as "gatekeepers" to "ensure that any and all scientific testimony . . . is not only relevant but reliable." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993).  Moreover, "[e]xpert testimony is properly admissible when it serves to assist the trier of fact to understand the evidence or determine a fact in issue."  United States v. Weitzenhoff, 35 F.3d 1275, 1287 (9th Cir. 1993) (citing United States v. Brodie, 858 F.2d 492, 496 (9th Cir. 1988)).  "It is well settled, however, that the judge instructs the jury in the law" and "'[r]esolving doubtful questions of law is the distinct and exclusive province of the trial judge.'"  Id. (quoting Brodie, 858 F.2d at 497); see also Elsayed Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002) ("[A]n expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law"), amended by 319 F.3d 1073 (9th Cir. 2003).

Moreover, evidence is relevant only if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not

relevant to a fact that is of consequence to the trial is inadmissible. Fed. R. Evid. 402.

Simply put, Mr. Boedeker's opinions regarding statistical methods and survey methodology are irrelevant to any issues in this case as they seem to pertain to the Taylor action only. See Ex. 2, p. 4 (Mr. Boedeker describing his work as reviewing a "survey proposed by Plaintiff's [in Taylor] experts to obtain quantitative information…"); id., p. 21 (discussing whether the statistical approach could "yield accurate and reliable results of individual damages suffered by each class member").

Mr. Boedeker's opinions are not only irrelevant, but are prejudicial, and/or a waste of the Court and the jury's time.  The jury may well be confused as to if and how statistical information or surveys used by the class in Taylor will apply in Perez.  Mr. Boedeker's opinions are not helpful for the fact finder in this case in any way.

### 1. Individual Exhibits Should Each be Excluded

In addition, several exhibits offered by Defendant should be excluded from trial as they are, on their face, inadmissible.

Defendant has identified Mr. Boedeker's deposition as an exhibit. Dkt. 84, Ex. 456.  The deposition transcript, however, is not competent evidence at trial as it is hearsay, and no exception exists to permit its admission at trial.  See Fed. R. Evid. 801(c), 802 and 804; Fed. R. Civ. P. 32.

Defendant has also identified Mr. Boeder's expert reports and rebuttal report as exhibits. Dkt. No. 84, Exs. 457-458.  These expert reports, however, are "classic hearsay" of an out-of-court declaration offered for the truth of the matter asserted.  See Ariz. Dept. of Law v. Asarco LLC, 844 F. Supp. 2d 957, 965 (D. Ariz. 2011) aff'd 543 Fed.Appx. 702 (9th Cir. 2013) (citing Fed. R. Evid. 801, 803).  There is no exception providing for the expert reports to be admitted.  For similar reasons, Defendant's proposed demonstrative charts, summaries, and expert file excerpts should also be excluded. Dkt. No. 84, Exs. 459-460.

### 2. Any and all References to Mr. Boedeker and his Opinions, Reports, or

**Files Should be Excluded**

The Secretary has relied, and is relying on Defendant's stipulation that it will not introduce any testimony or exhibits relating to Mr. Boedeker. See Ex. 2. It would be highly prejudicial to the Secretary if Defendant changes its position for any reason and seeks to offer any evidence relating to Mr. Boedeker. In an abundance of caution, the Secretary requests that the Court preclude Defendant from so doing – to avoid prejudice to the Secretary's case. Fed. R. Evid. 403.

## IV.  CONCLUSION

For the reasons set forth above, the Secretary respectfully requests that the Court preclude any testimony, opinions, expert files, conclusions, or documentary evidence from Defendant's proffered expert Stefan Boedeker.

Dated: October 27, 2014

Respectfully submitted,

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Counsel for FLSA

JEREMIAH MILLER
Senior Trial Attorney

GRACE A. KIM
Trial Attorney

__/s/ Natalie Nardecchia_____
NATALIE NARDECCHIA
Trial Attorney

PLAINTIFF SECRETARY OF LABOR'S MOTION IN LIMINE NO. 6 – EVIDENTIARY EXCLUSION OF DEFENDANT'S PROFERRED EXPERT STEFAN BOEDEKER  Page **5** of **5**